<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FRANK M. GARGIULO & SON, INC.,** *Plaintiff*, v. **FOODLAND DISTRIBUTORS INC., et al.,** *Defendants.* | Civil Action No. 16-2379 **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Frank M. Gargiulo & Son, Inc.'s ("Plaintiff") motion for default judgment against Defendants Foodland Distributors Inc. ("Foodland") and Glen D. Walters (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 7. For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

This matter arises from Defendants' alleged failure to pay Plaintiff for wholesale fruit valued at $23,735.75, in violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e.

Plaintiff is a New Jersey-based wholesale produce seller. Compl. ¶¶ 5-6, Dkt. No. 1. Defendant Foodland, founded and owned by Defendant Walters, purchases wholesale quantities of produce for retail sale. Id. ¶¶ 5-6. Between March 17, 2014 and September 9, 2014, Plaintiff sold and delivered produce allegedly worth $23,735.75 to Defendants. Id. ¶ 9; Compl. Ex. B. Plaintiff asserts that it preserved its interest in the produce by providing PACA-compliant invoices

1

with the goods. Compl. ¶¶ 11-12. Defendants have allegedly failed to pay the $23,735.75, despite Plaintiff's repeated attempts to collect the debt, including sending a letter dated March 5, 2016. Id. ¶ 13, Ex. D.

Plaintiff brought this action on April 27, 2016, asserting various PACA and common-law contract claims. Id. ¶¶ 15-60. Plaintiff sought damages totaling the principal amount, interest, and attorneys' fees. Id. ¶ 60. Defendants were served on May 9, 2016. Pl.'s Aff. of Service, Dkt. No. 3. Having failed to appear, Defendants incurred an entry of default on July 13, 2016. See Dkt. Text Order (July 13, 2016). Plaintiff subsequently filed a motion for default judgment on August 9, 2016, requesting $5,000 in attorney's fees in addition to the $23,735.75 principal. Dkt. No. 7.

On September 19, 2016, Plaintiff filed a motion for expedited hearing on default judgment, alleging that Defendants may be transferring funds out of their accounts in an attempt to avoid payment. Dkt. No. 8. Notably, Defendants have filed no response to this motion and nothing whatsoever in this action.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted

as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and PACA 7 U.S.C. § 499e(c)(5). The Court also has personal jurisdiction over Defendants because Defendant Foodland is a New Jersey corporation and Defendant Walters is a New Jersey resident. Compl. ¶ 7.

#### B. Liability

Plaintiffs have pled a PACA claim against Defendants. PACA was "designed primarily for the protection of the producers of perishable agricultural products—most of whom must entrust their products to a buyer or commission merchant who may be thousands of miles away, and depend for their payment upon his business acumen and fair dealing." Weis–Buy Servs. v. Paglia, 411 F.3d 415, 419-20 (3d Cir.2005) (citations omitted). PACA gives produce sellers a secured interest in proceeds and goods deriving from the sold produce by creating a statutory floating, non-segregated trust in their agreements with purchasers. Id. at 420. A trust is created where the seller's invoice contains the requisite statutory language demonstrating the seller's "intent to

3

preserve the trust." 7 U.S.C. § 499e(c)(4); E. Armata, Inc. v. 27 Farmers Market, Inc., No. 08-5212, 2009 WL 2386074, at *3 (D.N.J. July 31, 2009).

Here, the invoices Plaintiff provided to Foodland meet the statutory requirements, and indicate Plaintiff's intent to create a trust upon delivery:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Compl. Ex. C.

The record also shows that Foodland is a "commission merchant, dealer, or broker" pursuant to 7 U.S.C. § 499a(b)(6). Accordingly, Foodland had an obligation to hold those agricultural commodities for Plaintiff's benefit, and to pay Plaintiff promptly for their produce. See DiMare Homestead, Inc. v. Klayman Produce Co., Inc., No. 12-2577, 2012 WL 5354597, at *2 (E.D. Pa. Oct. 31, 2012). While Foodland has submitted some payments, it still maintains a principal balance due of $23,735.75. Declaration of Michael Gargiulo ("Gargiulo Decl.") ¶ 4, Dkt. No. 7. Therefore, Plaintiff has stated a PACA claim against Foodland.

In certain circumstances, PACA also provides for liability over individual officers and shareholders. Weis-Buy, 411 F.3d at 421. The Third Circuit has noted that personal liability exists over "'[a]n individual who is in the position to control the [PACA] trust assets and who does not preserve them for the beneficiaries'" because they have breached a fiduciary duty. Id. (quoting Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346, 348 (S.D.N.Y.1993). Here, Plaintiff has alleged that Defendant Walters is the principal of Foodland, who had "control over the PACA trust assets." Compl. ¶ 7. These assertions are supported by the fact that Plaintiff's President directly interacted with Walters in the produce sales at issue. Invoices were mailed to

4

Walters at his business address. Gargiulo Decl. ¶ 3. Plaintiff has therefore stated a claim against Defendant Walters.

Because Plaintiff has stated a PACA claim against Defendants, the Court does not reach Plaintiff's remaining breach of contract claim.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as Plaintiffs will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint and Defendant Walters is not an infant, otherwise incompetent, and is not presently engaged in military service. See Stein Decl. ¶¶ 5-6, Dkt. No. 10-3; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *2 (D.N.J. Sept. 4, 2014); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiffs first seek $23,735.75 in damages under PACA. "Commission merchant[s], dealer[s], or broker[s]" are liable under PACA for the "full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a).

5

Here, Plaintiff has provided specific findings to support their claimed damages amount. They provided line-item invoices from June through September 2014 listing the amount and price of produce sold. Compl. Ex. C. Plaintiff also submitted Defendants' "Statement of Payments Received or Credits Issued," dated December 30, 2014, showing a balance of $23,735.75. Gargiulo Decl. Ex. A. The Court therefore finds that Plaintiff has sufficiently proved its damages amount.

Lastly, Plaintiff also seeks $5,000 in attorneys' fees and unspecified interest and costs. PACA allows for recovery of attorney's fees and prejudgment interest if there was a contractual basis in the agreement. E. Armata 2009 WL 2386074, at *3 (citing Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir.2004)). Here, the invoices provide for both attorney's fees and interest by stating, "Interest and attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction." Compl. Ex. C.

Counsel's declaration and exhibit demonstrates that Plaintiff paid a $5,000 retainer to initiate the action. See Declaration of George E. Veitengruber ("Veitengruber Decl.") ¶ 9; Veitengruber Decl. Ex. E, Dkt No. 7. Counsel explains that the retainer appropriately reflects the size and type of case involved. Veitengruber Decl. ¶ 9. As such, the Court finds that it is reasonable to award Plaintiff $5,000 in attorney's fees.

However, Plaintiff has not provided adequate support for prejudgment interest or costs. Plaintiff's motion for default judgment does not include a proposed prejudgment interest rate,[1] or a proposed schedule of costs. Thus, the Court finds that there is an insufficient basis upon which to enter default judgment regarding prejudgment interest or costs at this time. See Eastern Const.

---

[1] Although Plaintiff's invoices provide for prejudgment interest, they do not provide a clear interest rate to be applied to amounts due. As such, a calculation of prejudgment interest owed cannot be made at this time.

& Elec., Inc. v. Universe Technologies, Inc., No. 10-1238, 2011 WL 53185, at *5 (D.N.J. Jan. 6, 2011) (denying motion for default judgment as to prejudgment interest because plaintiff did not provide a proposed rate or any rate calculations). The Court will allow Plaintiff to make a renewed application for costs and prejudgment interest by October 20, 2016.

Based upon the foregoing, judgment shall be entered against the Defendants Foodland and Walters for: (1) $23,735.75 in damages; and (2) $5,000 in attorneys' fees.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for final judgment by default against Defendants Foodland Inc. and George Walter is **GRANTED** in part and **DENIED** in part. An appropriate order accompanies this opinion.

**Dated: September 29, 2016**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**